UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN RAMAZZINI, | ) 1:12-cv–01526-SKO-HC |
| | ) |
| Petitioner, | ) ORDER DISMISSING PETITION FOR |
| | ) WRIT OF HABEAS CORPUS WITHOUT |
| | ) LEAVE TO AMEND (DOC. 1) |
| v. | ) |
| | ) ORDER DECLINING TO ISSUE A |
| MATTHEW CATE, SECRETARY, | ) CERTIFICATE OF APPEALABILITY AND |
| C.D.C.R., | ) DIRECTING THE CLERK TO CLOSE THE |
| | ) CASE AND SEND PETITIONER A BLANK |
| Respondent. | ) CIVIL RIGHTS COMPLAINT FORM |
| | ) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on October 15, 2012 (doc. 3). The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is the petition, which was filed on September 17, 2012.

1

I.  Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, Petitioner, an inmate of the Kern Valley State Prison (KVSP) serving a sentence of life without the possibility of parole for a conviction of first degree murder sustained in the Colusa County Superior Court in 1998, challenges a decision made by prison staff in a disciplinary hearing that Petitioner was guilty of battery on an inmate committed on January 20, 2011. (Pet., doc. 1 at 1, 4, 9.) Documents submitted in support of the petition reflect that the consequences of the disciplinary finding suffered by Petitioner were a credit forfeiture of ninety days, ten days loss of "Ad-Seg" yard, counseling and reprimand concerning conduct and future program expectations, referral to the institutional classification committee for program/custody review/SHU placement consideration, transfer to Petitioner's present institution of confinement, and placement in a maximum security housing unit for three years. (Id. at 27-28, 35.) Petitioner alleges that he exhausted his administrative remedies and raised his claims in the Superior Court, Court of Appeal, and the California Supreme Court. (Id. at 2-3, 28.)

Petitioner raises the following claims in the petition: 1) the senior hearing officer's finding Petitioner guilty of battery on an inmate was arbitrary and not based on some evidence; 2) the senior hearing officer's decision was based in part on false and/or incorrect evidence; and 3) the state's failure to generate CDCR forms 7129 and 837 and to provide copies of them to Petitioner denied Petitioner his right to due process of law and truth in evidence. (Id. at 4-5.)

II. Subject Matter Jurisdiction

Because the petition was filed after April 24, 1996, the

3

effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

This Court has a duty to determine its own subject matter jurisdiction, and lack of subject matter jurisdiction can be raised on the Court's own motion at any time. Fed. R. Civ. P. 12(h)(3); CSIBI v. Fustos, 670 F.2d 134, 136 n.3 (9th Cir. 1982) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511-512 (1973)). A federal court must have subject matter jurisdiction to consider a habeas corpus claim before it may reach the merits of the claim. Wilson v. Belleque, 554 F.3d 816, 821 (9th Cir. 2009), cert. den., 130 S.Ct. 75 (2009). When a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the action. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); Moore v. Maricopa County Sheriff's Office, 657 F.3d 890, 894 (9th Cir. 2011).

Further, the jurisdiction of the Court is limited to cases and controversies. U.S. Const. art III, § 1. In order for this Court to have subject matter jurisdiction, a petitioner must have standing to sue at the time the action is filed. Lujan v. Defenders of Wildlife, 504 U.S. 555, 569 n.4 (1992). To meet his or her burden of establishing standing, a litigant must show that 1) he personally has suffered an actual or prospective injury as a result of the putatively illegal conduct; 2) the injury can be fairly traced to the challenged conduct; and 3) the injury is likely to be redressed through court action. Lujan v. Defenders of Wildlife, 504 U.S. 560-562; Valley Forge Christian College v.

4

Americans United for Separation of Church and State, Inc., 454 U.S. 464, 472 (1982).

A federal court may only grant a state prisoner's petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriquez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

Habeas jurisdiction might be predicated on some conditions claims if there is a sufficient nexus to the length of imprisonment or a sufficient likelihood of affecting the overall length of a prisoner's confinement.  Docken v. Chase, 393 F.3d 1024, 1030-31 (9th Cir. 2004).  However, habeas jurisdiction is absent where a petitioner's challenge will not necessarily shorten the overall sentence.  Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).

Here, as a result of the disciplinary finding, Petitioner was assessed a forfeiture of conduct credits, and his conditions of confinement were modified.  However, Petitioner admits that he is serving a sentence of life without the possibility of parole.

5

(Pet., doc. 1, 1.)  Because Petitioner is serving life without the possibility of parole, he cannot shorten his term with good time credits.  Thus, the assessed loss of credits at the disciplinary hearing has no effect on the duration of Petitioner's confinement.

Therefore, Petitioner's claims do not challenge the legality or duration of his confinement; rather, they concern only conditions of confinement.  Further, Petitioner has not suffered an injury that is likely to be redressed through court action.  Thus, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed.

Should Petitioner wish to pursue his claims, he must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.  The Clerk will be directed to send an appropriate form complaint to Petitioner.

### III.   Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right.  § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336

6

1  (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A
2  certificate should issue if the Petitioner shows that jurists of
3  reason would find it debatable whether the petition states a
4  valid claim of the denial of a constitutional right and that
5  jurists of reason would find it debatable whether the district
6  court was correct in any procedural ruling.  Slack v. McDaniel,
7  529 U.S. 473, 483-84 (2000).

8      In determining this issue, a court conducts an overview of
9  the claims in the habeas petition, generally assesses their
10 merits, and determines whether the resolution was debatable among
11 jurists of reason or wrong.  Id.  It is necessary for an
12 applicant to show more than an absence of frivolity or the
13 existence of mere good faith; however, it is not necessary for an
14 applicant to show that the appeal will succeed.  Miller-El v.
15 Cockrell, 537 U.S. at 338.

16     A district court must issue or deny a certificate of
17 appealability when it enters a final order adverse to the
18 applicant.  Habeas Rule 11(a).

19     Here, it does not appear that reasonable jurists could
20 debate whether the petition should have been resolved in a
21 different manner.  Petitioner has not made a substantial showing
22 of the denial of a constitutional right.

23     Accordingly, the Court will decline to issue a certificate
24 of appealability.

25     IV.  Disposition

26     Accordingly, it is ORDERED that:

27     1) The petition is DISMISSED without prejudice and without
28 leave to amend for lack of subject matter jurisdiction; and

7

    2) The Court DECLINES to issue a certificate of appealability; and

    3) The Clerk is DIRECTED to send to Petitioner a form for a civil rights complaint for a person in custody; and

    4) The Clerk is DIRECTED to close the case because this order of dismissal terminates it in its entirety.

IT IS SO ORDERED.

**Dated:   December 6, 2012**                     /s/ Sheila K. Oberto
                                                  UNITED STATES MAGISTRATE JUDGE